UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.

Case No. 10-20388
Honorable Mark A. Goldsmith

D-1   LAMONTE WATSON, JR.,
D-2   ISAAC DENEL MEEKS,
D-3   SHAWN RENARD SMITH,
D-4   TIMOTHY GRAYSON,
D-5   ANTONIO WATSON,
D-6   HANSEL WILLIAMS,
D-7   TERRANCE ALEXANDER,
D-8   VOURICE MEEKS,
D-9   DUANE WILLIAMS,
D-10  DAMICHAEL WASHINGTON,
D-11  TRENCE WOODS,
D-12  LEMETRIUS KNAPP,
D-13  ROQUAN WESLEY,

    Defendants.
_____/

## **OPINION AND ORDER CONCERNING DOCKET ENTRY NOS. 140, 141, 157, 186, 189, 190, & 192**

This matter is before the Court on the following motions:

1) Defendant Damichael Washington's "Motion for Disclosure of, and to Limit the Scope of, Expert Testimony Regarding Drug 'Lingo' or 'Code'" (docket entry (D.E.) 186).
2) Defendant Damichael Washington's "Motion for Bill of Particulars" (D.E. 189).
3) Defendant Damichael Washington's "Motion for <u>Enright</u> Hearing and Ruling" (D.E. 190).
4) Defendant Antonio Watson's "Motion to Limit Expert Testimony" (D.E. 192).

Several defendants joined in the above motions. See D.E. 187, 191, 193, 194, 195, 196, 198, 225, 231, & 232. In addition, three motions previously before the Court remain pending:

1) Defendant Terrance Alexander's "Motion for Notice Under Rules 404(b) and 609 of the Federal Rules of Evidence" (D.E. 140).
2) Defendant Terrance Alexander's "Motion and Demand for Disclosure of Exculpatory Evidence and Rule 16 Discovery Materials" (D.E. 141).
3) Defendant Isaac Meeks's "Motion for Pretrial Production of Evidence Admissible to Attack the Credibility of Co-Conspirator Declarants Not to Be Called as Witnesses" (D.E. 157).

The Court held a hearing on all of the above motions on January 20, 2011. After consideration of the motions and the arguments made at the hearing, the Court rules as follows.

**Docket entry 190**

With regard to Defendant Damichael Washington's Motion for an Enright hearing, (D.E. 190), the Court considered the three options available to it as described in United States v. Vinson, 606 F.2d 149, 152-53 (6th Cir. 1979).[1] At the hearing, the Court proposed that, before it decided which of the three Vinson options to employ, the government should submit a written offer of proof describing its evidence of conspiracy. See U.S. v. Montalvo, No. 90-10078, 1992 WL 184342 at *7 (9th Cir. 1992) (no abuse of discretion where court evaluated offer of proof in order to evaluate the admissibility of co-conspirator statements under Federal Rule of Evidence 801(d)(2)(e)). The government agreed.

Accordingly, the Court directs that the government submit an offer of proof by Tuesday, February 22, 2011. Defendants wishing to respond must do so by Tuesday, March 8, 2011. The Court will utilize the offer of proof to decide which of the three Vinson options it will employ; the Court thereafter will issue an opinion resolving the instant Enright motion.

---

[1] Vinson provides that a court may (1) conduct a "mini-hearing" to hear the government's proof of the conspiracy, (2) require the government to meet its initial burden by producing the non-hearsay evidence of conspiracy before the court makes its finding concerning the hearsay's admissibility, or (3) admit the hearsay statements subject to a later demonstration of their admissibility by a preponderance of the evidence. Id. at 152-53.

**Docket entry 189**

With regard to Defendant Damichael Washington's motion for a bill of particulars (D.E. 189), the Court will rule on the motion after it has received and reviewed the government's forthcoming offer of proof.

**Docket entries 186 & 192**

With regard to the motions of Defendant Damichael Washington and Defendant Antonio Watson for disclosure of and/or to limit expert testimony, (D.E. 186 & 192), the Court concludes the following.

The Court has reviewed the government's expert witness disclosures, which provide in part:

> For certain words and phrases, [Task Force Officer] Sparks will offer an opinion based on his experience that these words have a common meaning in the drug trade and are not unique to this investigation. For instance, TFO Sparks will testify that "ticket" is a code word for price; "zip" and "oz" are references to an ounce quantity; "g" and "grizzie" are references to a gram quantity; "chips" or "potato chips" is a reference to money; "stack" is a reference to one thousand dollars; "dollar" is a reference to one hundred dollars; "cutie" is a quarter-ounce of a substance; "tip" is commonly a term substituted for type, as in "what type;" and "strap" is a reference to a gun.
>
> Additionally, by listening to the calls intercepted during this investigation, TFO Sparks has identified other words which are, in his opinion, also used by members of this conspiracy as code words. . . . Sparks will offer an opinion of the meaning of the code word. For instance, the term "old girl" or "girl" was used by those in this conspiracy to refer to cocaine; "boy," "old boy" and "bizoy" to refer to heroin; and, "e-way" and "big" to refer to a one-eighth of a kilogram quantity.

D.E. 230-1 at 2-3 (expert disclosures). Although this description is somewhat detailed, its use of the qualifier "for instance" before listing the various terms that Task Force Officer Keith Sparks will explain indicates that it is less than comprehensive.

In order for the Court to analyze the motion to limit expert testimony, it is necessary for the government to expand its disclosure to include all of the terms it wants Officer Sparks to

explain or define. It must also set forth the specific basis for Officer Sparks' opinion with regard to each term. A thorough disclosure is necessary so that the Court may determine whether the proposed expert testimony would (legitimately) be based upon Officer Sparks' extensive general experience within the illegal drug trade or (illegitimately) be based upon conclusions drawn from Sparks' knowledge of the investigation in this case. See United States v. Mejia, 545 F.3d 179, 192-93 (2d Cir. 2008); United States v. Dukagjini, 326 F.3d 45, 55 (2d Cir. 2003).

Accordingly, the Court directs that the government submit a supplemental expert disclosure as to the proposed testimony of Officer Sparks by Tuesday, February 22, 2011. As with the offer of proof, any Defendant response is due by Tuesday, March 8, 2011.

**Docket entries 140 & 141, 157**

Three motions – Defendant Terrance Alexander's "Motion for Notice Under Rules 404(b) and 609 of the Federal Rules of Evidence" (D.E. 140), Defendant Terrance Alexander's "Motion and Demand for Disclosure of Exculpatory Evidence and Rule 16 Discovery Materials" (D.E. 141), and Defendant Isaac Meeks's "Motion for Pretrial Production of Evidence Admissible to Attack the Credibility of Co-Conspirator Declarants Not to Be Called as Witnesses" (D.E. 157) – remain pending. These motions were originally argued at this Court's November 23, 2010 hearing, and the Court did not rule on the motions in light of the parties' agreement at that hearing to negotiate a timeline for the disclosure of the materials and to submit a stipulation to the Court to that effect. On January 25, 2011, the government and some, but not all, Defendants submitted a stipulation to this Court. See D.E. 240. The stipulation provides that the government (i) understands its production requirements under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and Federal Rule of Criminal Procedure 16, and will comply with those requirements, (ii) acknowledges its obligation to provide notice

4

of intent to offer any evidence under Federal Rule of Evidence 404, and (iii) agrees to produce all material it possesses governed by the Jencks Act, 18 U.S.C. 3500(b), along with impeachment material, plea agreements, and any other consideration given, not later than ten days prior to trial. D.E. 240.

Because Defendant Isaac Meeks is one of the defendants who agrees to the stipulation, the Court need not rule on his discovery motion (D.E. 157), which is now moot.

That leaves only Defendant Terrance Alexander's motions. Alexander did not agree to the stipulation. Because Defendant Alexander filed these motions before the January 25, 2011 stipulation, and because these motions request at least some of the same materials that are the subject of the stipulation, it unclear to the Court to what extent (if any) the requests made by Defendant Alexander in his motions have been narrowed by the stipulation.[2]

Accordingly, the Court directs Defendant Alexander to file a supplemental brief regarding the motions at D.E. 140 and D.E. 141, addressing the effect of the stipulation on his requests. Specifically, Alexander should address whether there are disclosures he seeks that are additional to those addressed in the stipulation, whether he seeks more prompt disclosure than that outlined in the stipulation, and the legal basis for his positions. The supplemental brief will be no more than five pages and must be submitted to the Court by Tuesday, February 15, 2011. Two Defendants – Timothy Grayson and Lamonte Watson, Jr. – joined in Defendant Alexander's motions and did not agree to the January 25, 2011 stipulation. Each of these Defendants will be bound by Defendant Alexander's supplemental brief, unless he files his own supplemental brief arguing a different position, no later than Wednesday, February 16, 2011.

---

[2] The Court notes that, although Defendant Alexander is not a party to the stipulation, the document states the government's obligation as to *all* defendants. D.E. 240. Notably, the document specifically cites Defendant Alexander's motions as the basis for the Defendants' disclosure requests. D.E. 240 at 1-2.

Any government response must be submitted to the Court by Tuesday, February 22, 2011. The Court will address the motions at the March 2, 2011 hearing.

**Conclusion**

For the reasons explained above, The "Motion for Disclosure of, and to Limit the Scope of, Expert Testimony Regarding Drug 'Lingo' or 'Code'" (D.E. 186), "Motion to Limit Expert Testimony" (D.E. 192), "Motion for Bill of Particulars" (D.E. 189), and "Motion for <u>Enright</u> Hearing and Ruling" (D.E. 190) all REMAIN PENDING. The Motion for Pretrial Production of Evidence Admissible to Attack the Credibility of Co-Conspirator Declarants Not to Be Called as Witnesses" (D.E. 157) is DISMISSED AS MOOT. The "Motion for Notice Under Rules 404(b) and 609 of the Federal Rules of Evidence" (D.E. 140) and "Motion and Demand for Disclosure of Exculpatory Evidence and Rule 16 Discovery Materials" (D.E. 141) REMAIN PENDING and will be addressed at the March 2, 2011 hearing.

Further, the government is directed to submit an offer of proof and supplemental expert disclosure as described above by Tuesday, February 22, 2011. Defendants wishing to respond to either submission must do so by Tuesday, March 8, 2011. Defendant Alexander is directed to submit a supplemental brief as described above by Tuesday, February 15, 2011. Timothy Grayson and Lamonte Watson, Jr. may file a supplemental brief offering a different position by Wednesday, February 16, 2011. Any government response must be submitted to the Court by Tuesday, February 22, 2011.

SO ORDERED.

Dated: February 9, 2011                      s/Mark A. Goldsmith
                                                     MARK A. GOLDSMITH
                                                     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 9, 2011.

                                                     s/Deborah J. Goltz
                                                     DEBORAH J. GOLTZ
                                                     Case Manager