UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

       Plaintiff,

v.

D-1   LAMONTE WATSON, JR.,
D-2   ISAAC DENEL MEEKS,
D-3   SHAWN RENARD SMITH,
D-4   TIMOTHY GRAYSON,
D-5   ANTONIO WATSON,
D-6   HANSEL WILLIAMS,
D-7   TERRANCE ALEXANDER,
D-8   VOURICE MEEKS,
D-9   DUANE WILLIAMS,
D-10  DAMICHAEL WASHINGTON,
D-11  TRENCE WOODS,
D-12  LEMETRIUS KNAPP,
D-13  ROQUAN WESLEY,

       Defendants.
_____/

Case No. 10-20388
Honorable Mark A. Goldsmith

**ORDER (1) CONCERNING DOCKET ENTRY NOS. 235, 253, & 190, AND (2) CONFIRMING THE PENDING STATUS OF DOCKET ENTRY NOS. 140, 141, 186, 189, 190, 192, 236, 237, 253, 255, 256, 264, & 275**

On March 23, 2011, the Court held a hearing on the following motions:

1)    Defendant Timothy Grayson's "Motion to Suppress Evidence" (docket entry (D.E.) 255).
2)    Defendant Antonio Watson's "Motion to Suppress and for Franks Hearing" (D.E. 256).
3)    Defendant Lamonte Watson, Jr.'s "Motion to Suppress Title III Intercepts" (D.E. 275).

In addition, the Court held a continued hearing with regard to the following motions:

1) Defendant Lamonte Watson, Jr.'s "Motion Objecting to Penalty Enhancement Filed Pursuant to 21 U.S.C. Section 851" (D.E. 235).
2) Defendant Roquan Wesley's "Motion for Severance" (D.E. 253).
3) Defendant Damichael Washington's "Motion for Disclosure of, and to Limit the Scope of, Expert Testimony Regarding Drug 'Lingo' or 'Code'" (D.E. 186).
4) Defendant Damichael Washington's "Motion for Bill of Particulars" (D.E. 189).
5) Defendant Damichael Washington's "Motion for <u>Enright</u> Hearing and Ruling" (D.E. 190).
6) Defendant Antonio Watson's "Motion to Limit Expert Testimony" (D.E. 192).

Having considered the argument presented at the hearing, the Court orders as follows.

**Docket entry 235**

Pursuant to counsel's request at the hearing, Defendant Lamonte Watson, Jr.'s "Motion Objecting to Penalty Enhancement Filed Pursuant to 21 U.S.C. Section 851" (D.E. 235) is withdrawn without prejudice to his re-raising the issue at a later point.

**Docket entry 253**

Pursuant to counsel's request, the hearing was adjourned with regard to Defendant Roquan Wesley's "Motion for Severance" (D.E. 253). The hearing on this motion is continued to April 8, 2011 at 9:30AM.

**Docket entry 190**

With regard to Defendant Damichael Washington's "Motion for <u>Enright</u> Hearing and Ruling" (D.E. 190), the Court will require the government to identify the statements it seeks to offer that would be admissible only under the co-conspirator exemption from the hearsay rule. The Court directs that the government file a document (i) identifying the relevant statements and (ii) stating its position as to the feasibility of establishing through proofs at trial the evidentiary prerequisites for admission of such statements, so that the Court could rule on the admissibility of the statements before the jury would hear testimony regarding the statements. This document

must be submitted seven days after the plea cutoff, by April 21, 2011. Any response must be submitted seven days later, by April 28, 2011.

In addition, at the hearing, counsel for Defendants who had joined Defendant Damichael Washington's motion requested permission from the Court to file a supplemental filing with regard to the motion. The Court stated on the record that any Defendant who wished to do so would be permitted, and directed that all submissions were limited to five pages, and were due on Monday, March 28, 2011.

**Pending motions**

Finally, the following is a list of pending motions in this case:

1) Defendant Terrance Alexander's "Motion for Notice Under Rules 404(b) and 609 of the Federal Rules of Evidence" (D.E. 140).
2) Defendant Terrance Alexander's "Motion and Demand for Disclosure of Exculpatory Evidence and Rule 16 Discovery Materials" (D.E. 141).
3) Defendant Damichael Washington's "Motion for Disclosure of, and to Limit the Scope of, Expert Testimony Regarding Drug 'Lingo' or 'Code'" (D.E. 186).
4) Defendant Damichael Washington's "Motion for Bill of Particulars" (D.E. 189).
5) Defendant Damichael Washington's "Motion for <u>Enright</u> Hearing and Ruling" (D.E. 190).
6) Defendant Antonio Watson's "Motion to Limit Expert Testimony" (D.E. 192).
7) Defendant Lamonte Watson, Jr.'s "Motion to Require Government to Produce Names of Confidential Sources" (D.E. 236).
8) Defendant Lamonte Watson, Jr.'s "Motion to Merge Counts III and IV of the Indictment Based on Multiplicity of Counts" (D.E. 237).
9) Defendant Roquan Wesley's "Motion for Severance" (D.E. 253).
10) Defendant Timothy Grayson's "Motion to Suppress Evidence" (docket entry (D.E.) 255).
11) Defendant Antonio Watson's "Motion to Suppress and for <u>Franks</u> Hearing" (D.E. 256).
12) Defendant Lamonte Watson, Jr.'s request for an "Order Requiring Government's Stipulation Regarding Count VI Pursuant to <u>Old Chief [v.] United States</u>[, 519 U.S. 172 (1997)]" (D.E. 264).
13) Defendant Lamonte Watson, Jr.'s "Motion to Suppress Title III Intercepts" (D.E. 275).

The Court will issue a written opinion with regard to these motions.

    IT IS SO ORDERED.

Dated:  April 1, 2011                                s/Mark A. Goldsmith
                                                  MARK A. GOLDSMITH
                                                  United States District Judge

## CERTIFICATE OF SERVICE

       The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 1, 2011.

                                                  s/Deborah J. Goltz
                                                  DEBORAH J. GOLTZ
                                                  Case Manager