UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONTE WATSON, JR.,

    Petitioner,

v.

                                    Criminal Case No. 10-20388-1
                                    Honorable Linda V. Parker

UNITED STATES OF AMERICA,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE (ECF NO. 750), GRANTING IN FORMA PAUPERIS,
AND DENYING A CERTIFICATE OF APPEALABILITY**

    Petitioner Lamonte Watson, Jr. ("Petitioner") was convicted on June 29, 2012 of one count of conspiracy to distribute heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1), one count of conspiracy to manufacture marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1), one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1), one count of aiding and abetting the manufacturing of marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 553.) Subsequently, the Court sentenced him to three life sentences and 30 years imprisonment, all to run concurrently to each

other.  (*Id.*)  Presently before the Court is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed August 22, 2017.  (ECF No. 750.)  Petitioner filed an amendment to his motion on October 2, 2017.  (ECF No. 762.)  The Government filed a response on October 23, 2017.  (ECF No. 764.)  Lastly, Petitioner filed a reply on November 27, 2017.  (ECF No. 769.)  For the reasons set out below, Petitioner's motion is denied.

**I.     Factual and Procedural Background**

Petitioner was charged by complaint on June 8, 2010.  (ECF No. 1.)  On June 16, 2010, a grand jury indicted Petitioner and others for conspiring to distribute controlled substances.  (ECF No. 10.)  Three weeks later, the grand jury superseded its indictment and charged Petitioner and eleven others with conspiring to distribute in excess of five kilograms of cocaine, one kilogram of heroin and 50 grams of crack.  (ECF No. 28.)  Petitioner was also charged with possessing heroin and cocaine with the intent to distribute, and weapons offenses.  (*Id.*)  Lastly, Petitioner was alleged to have conspired to manufacture marijuana.  (*Id.*)  A sentencing enhancement information was filed, pursuant to 21 U.S.C. § 851, against Petitioner on August 3, 2010.  (ECF No. 80.)  Because of two previous convictions of felony drug offenses, Petitioner was subject to a mandatory life sentence upon conviction of the drug distribution conspiracy charge in his first count.  (*Id.*)  On June 29, 2012, Petitioner was acquitted of possessing a firearm in

furtherance of a drug trafficking conviction but otherwise convicted as charged. (ECF Nos. 465 & 553.) Petitioner was sentenced to the statutorily required sentence: life in prison. (ECF No. 553.) Petitioner filed a timely notice of appeal. (ECF No. 555.) On August 24, 2015, the Sixth Circuit Court of Appeals affirmed Petitioner's judgment of conviction. (ECF No. 713.) Petitioner's petition to the Supreme Court for certiorari was denied on October 17, 2016. (ECF No. 741.) Subsequently, Petitioner timely filed the instant Motion under 28 U.S.C. § 2255. (ECF No. 750.)

## II. Legal Standard

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner may file a motion to vacate, set aside, or correct the sentence before the court who imposed the sentence. The defendant must show that the sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.* "When raising claims alleging errors of constitutional magnitude, a defendant must show that the constitutional error had a substantial and injurious effect or influence on the proceedings." *United States v. Rendon*, No. 06-20216; 12-15136, 2016 U.S. Dist. LEXIS 43154, at *5-6 (E.D. Mich. Mar. 31, 2016) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)); *see also Watson v. United States*, 165

F.3d 486, 488 (6th Cir. 1999). Ultimately, "[t]o prevail under § 2255, [Petitioner] must make a showing of a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F. 2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

To obtain collateral relief under § 2255, a defendant must clear a significantly higher hurdle than would exist on direct appeal. *Gamboa v. United States*, No. 05-cv-199, 2005 U.S. Dist. LEXIS 25868, at *3 (W.D. Mich. Oct. 20, 2005) (citing *United States v. Frady*, 456 U.S. 152, 166 (1982)). A defendant may not raise claims in a § 2255 motion, regardless of the constitutional or jurisdictional magnitude, to which no contemporaneous objection was made or were not presented on direct appeal, unless the defendant can show good cause for the failure and actual prejudice from such failure. *Napier v. United States*, 159 F.3d 956, 959 (6th Cir. 1998) (quoting *Frady*, 456 U.S. at 167).

### III.  Applicable Law and Analysis

Petitioner claims that the grand jury, which issued his indictment: (1) was incorrectly instructed that an indictment could issue upon a finding of an agreement with the Petitioner and a paid informant; (2) was used to investigate and prepare for trial; and (3) returned a seventh superseding indictment after their term expired. Notwithstanding whether Petitioner, as required, alleged these errors in

4

the district court or on appeal, the Court finds that Petitioner's allegations do not warrant relief. Petitioner's claims are largely unsupported by the record and the applicable law. First, "[t]he rule that government agents do not count as coconspirators is limited to situations in which the conspiracy involves *only* one defendant and a government informer." *United States v. Hayden*, 68 F. App'x 530, 532 (6th Cir. 2003). Second, as the Government explains in its response, Petitioner's grand jury was neither used to prepare for the seventh superseding information nor did it sit for longer than its term of service—18 months. (ECF No. 764 at PgID 11875-76.) For these reasons, these claims fail.

Petitioner also claims that he was denied the effective assistance of counsel for several reasons, discussed below. To demonstrate ineffective assistance of counsel, a petitioner must show both that defense counsel's performance was deficient, and that petitioner suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court finds that Petitioner has failed to meet this burden on both prongs of the *Strickland* test.

First, Petitioner claims that his counsel failed to investigate the Government's paid informant. The Court, however, rejects this claim because Petitioner has failed to demonstrate any likelihood of a different, more favorable result at trial. *See, e.g.*, *Talley v. United States*, No. 1:00-CV-74, 2006 WL 3422997, at *9 (E.D. Tenn. Nov. 27, 2006) ("To present a viable ineffective

5

assistance of counsel claim based upon an alleged failure by counsel to call a witness to testify at trial, [a defendant] must make an affirmative showing as to the identity and availability of the witness to testify, the details of what the uncalled witness would have testified to, and that the testimony of the uncalled witness would have produced a different, more favorable result at trial.")

Second, Petitioner claims that his counsel failed to subpoena a DEA agent and "potentially exculpatory information." Petitioner's allegation is cursory at best and neither sufficiently demonstrates that the Government failed to share favorable evidence nor that the suppression of such prejudiced him. *See Thomas v. United States*, 849 F.3d 669, 680 (6th Cir. 2017). For these reasons, Petitioner's claim fails.

Third, Petitioner claims that his counsel failed to request a specific jury instruction on the effect of law enforcement as a member of a conspiracy. This claim fails because the jury was properly instructed. (ECF No. 467 at PgID 2221.)

Fourth, Petitioner claims that his counsel failed to argue or preserve his Sixth Amendment right to confront the Government's paid informant. This claim fails because the Government's informant did not testify at trial. *See, e.g.*, *Harris v. Warden, Lebanon Corr. Inst.*, No. 1:09-CV-712, 2011 WL 711083, at *3 (S.D. Ohio Feb. 22, 2011) (*citing California v. Green*, 90 S.Ct. 1930 (1970)) (the "right of confrontation is a trial right").

Fifth, Petitioner claims that (1) the district court's ruling on his drug quantity violated *Alleyne* and (2) the guideline range for his sentence was improper due to double counting of different forms of cocaine. The former claim fails because the jury found the facts necessary to increase Petitioner's sentence and, therefore, there was no *Alleyne* violation. (ECF No. 465.) And the latter claim fails because, upon the jury's finding of those facts, Petitioner's life sentence was mandated pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851—not the sentencing guidelines.

Sixth, Petitioner claims that his counsel failed to challenge the application of the career offender guidelines, resulting in a life sentence that he alleges to be cruel and unusual punishment. This claim fails because the career offender guidelines were not applied to Petitioner; again, Petitioner's life sentence was mandated pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851.

Finally, Petitioner's vague and/or conclusory allegations are insufficient to meet his burden to establish relief. *See Berry v. United States*, No. 1:08CR516, 2017 WL 4286671, at *4 (N.D. Ohio Sept. 27, 2017) ("It is well settled that vague or conclusory allegations of constitutional violations are insufficient"). The Court has thoroughly reviewed all of Petitioner's claims and finds that none establish grounds for relief under § 2255.

For the reasons stated, the Court denies Petitioner's Motion under 28 U.S.C. § 2255.

## IV. In Forma Pauperis

Petitioner moved this Court, under 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence on August 22, 2017. (ECF No. 750.) In the instant opinion and order, the Court denies Petitioner's motion. In accordance with Fed. R. App. P. 24(a)(3), which states that "[a] party who was permitted to proceed in forma pauperis in the district-action . . . may proceed on appeal in forma pauperis without further authorization," Petitioner's appointment of a federal defender (ECF No. 6.) entitles him to proceed on appeal in forma pauperis. (*Id.*) Therefore, the Court grants him approval to proceed in forma pauperis on appeal.

## V. Certificate of Appealability

Petitioner cannot appeal the Court's order unless he first obtains a certificate of appealability. 28 U.S.C. § 2253(c)(1) ("[u]nless . . . a judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255."); *see also* Fed. R. App. P. 22(b)(1). Indeed, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. Governing § 2254 Cases 11(a). A certificate of appealability, however, may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires Petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) [his motion] should

8

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). The court is satisfied that jurists of reason would not find its ruling debatable. A certificate of appealability is therefore not warranted and denied in this case.

## VI. Conclusion

Accordingly,

**IT IS ORDERED** that Petitioner's § 2255 Motion (ECF No. 750) is **DENIED**; and

**IT IS FURTHER ORDERED,** that the Court **GRANTS** Petitioner approval to proceed in forma pauperis on appeal; and

**IT IS FURTHER ORDERED,** that the Court **DENIES** Petitioner a certificate of appealability.

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: November 30, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 30, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>
Case Manager