UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Case Number 10-cr-20388-1
Honorable Linda V. Parker

v.

LAMONTE WATSON, JR.,
Defendant.
_______________________________/

**OPINION AND ORDER DENYING DEFENDANT LAMONTE WATSON, JR.'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (ECF Nos. 951)**

On September 15, 2025, Lamonte Watson, Jr. filed a motion to modify conditions of his supervised release. (ECF No. 943.) Mr. Watson requested that the Court modify his conditions to be able to drive a truck regionally between border states. (Id. at PageID.13715-16.) Although noting the progress that Mr. Watson has made, the Government opposed the Motion for modification primarily reasoning that a longer period of supervised release would establish a consistent pattern of compliance. (ECF no. 947). The Court denied Mr. Watson's request without prejudice by Order dated November 5, 2025, based upon the short time he had been on supervised release and because constant interstate travel would be difficult for any district to effectively monitor his compliance. The Court noted that Mr.

Watson could also propose an alternative method of utilizing his commercial driver's license that allows for closer supervision — such as short-haul driving that enables him to return home at the end of the workday. (ECF No. 949.)

Since this time, Mr. Watson has submitted two requests, dated April 23, 2026 and June 30, 2026, emphasizing his desire and need for early termination of supervised release. (ECF Nos. 950 and 951). The Court has reached out to Mr. Watson's Probation Officer who advises that Mr. Watson continues to comply with the reporting requirements and has not engaged in any criminal activity or undertaken any actions that have violated the terms of his supervised release. Further, he advises that Mr. Watson has not obtained employment thus far but does in fact have his certification to drive a truck interstate, which is what he desires to do.

Specifically, in the request dated April 23, 2026, Mr. Watson states that he is not requesting to drive long haul because of the problem he says it creates with probation. Instead, he is requesting to be "able to work (West Coast) Regional", noting that the trucks have electronic monitors. (ECF No. 950, Page ID 13800..)

In the request for early termination dated June 30, 2026, Mr. Watson notes that he has filled out over 100 applications and that the only identified vacancies have come from CDL-A trucking jobs. He states that he will "have to be trained

most likely 4 to 5 weeks", and that he will have to work the Western States for at least a 6-month to one year period.

The Government responded to Mr. Watson's June 30, 2026, request for early termination on September 23, 2026. (ECF No 953.) The Government opposes the request "at this time", noting, *inter alia*, that its opposition is not punitive, but rather based upon its belief that Mr. Watson is more likely to succeed under a lengthier term of supervision where he can receive support from the resources offered during supervised release. *Id* Page ID. 13810.

Mr. Watson has submitted a Reply to the Government's response which challenges as false its characterization that he has ignored office job referrals made by Probation. Watson notes that he has gone to every job fair his Probation officer has brought to his attention. (ECF 954.)

## FACTS

The facts of this case have been provided in earlier briefings and rulings. Mr. Watson's journey has been somewhat remarkable in that he was sentenced to life imprisonment after being convicted of distributing large quantities of cocaine and heroin. (ECF. No 856). Thereafter, this Court granted his motion for compassionate release and shortened his sentence to 300 months (ECF No. 910.) President Joseph Biden thereafter commuted his sentence of imprisonment on

February 17, 2025 (ECF No. 940). His sentence included a 10-year term of supervised release.

Section 3583e (1) confers upon a district court the power to exercise its discretion by discharging Mr. Watson from supervised release after a year of supervision. Termination is not to be granted unless this Court finds, considering certain factors under Section 3553, that "such action is warranted by the conduct of Watson and the interest of justice." 18 U.S.C. Section 3583e.

Mr. Watson is close to 14 months into his ten-year term of supervision and has had no violations. However, he has been unable to obtain work in his chosen field which will allow him to utilize his CDL-A license.

Mr. Watson has clarified that he is asking to drive outside of the state of Nevada but not coast to coast. He would like to receive a dedicated trucking route and states that he is not requesting to "drive long haul." as the Government has asserted. (ECF No. 5 Page ID 13813.)

The Court has had conversations with both the Probation Department here in the Eastern District of Michigan and with Mr. Watson's Probation Officer in Nevada. The latter has advised the Court that he and Mr. Watson are committed to moving forward in a manner where their respective goals can be worked toward and lines of communication will be increased.

The Court recognizes Mr. Watson's deep frustration in not being able to utilize the trucking license he trained for and obtained. But most importantly, Mr. Watson is disappointed that he is unable to find work to contribute to the financial obligations of his family. The Court encourages Mr. Watson to continue to work cooperatively with his Probation Officer even if that might require him to temporarily obtain a non-trucking job in Nevada that brings income into the family.

The Court once again commends Mr. Watson for his compliance and acknowledges the continued progress he has made throughout the supervised release period thus far. Mr. Watson must not give up at this point given his extraordinary journey and the associated opportunities that have come with that journey.

The Court has considered Mr. Watson's request, and the factors set forth in 18 U.S.C. Section 3553(a). The Court believes that Mr. Watson's request for early termination should be denied at this time and remains open to consider options that Mr. Watson and the Probation Department explore and agree upon.

Accordingly,

The Court will deny Mr. Watson's Motion for Early Termination, **WITHOUT PREJUDICE.** This means that Mr. Watson may refile at a later date when: (a) a longer and consistent pattern of compliance with his supervise release

term has been established; and/or (b) Mr. Watson and the Probation Department identify an alternative method of utilizing his commercial driver's license or other employment that allows for closer supervision.

**IT IS ORDERED** that Defendant Lamonte Watson, Jr.'s Motion for Early Termination of Supervised Release is **DENIED WITHOUT PREJUDICE.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 10, 2026